**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| STEVEN J. HECKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:08-CV-023 |
| | ) | |
| JAMES B. COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the "Prisoner Complaint 42 U.S.C. § 1983," filed by pro se Plaintiff, Steven J. Hecke, on January 18, 2008. For the reasons set forth below, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

On January 18, 2008, Steven J. Hecke, a *pro se* prisoner, filed a complaint under 42 U.S.C. section 1983. He alleges that as a pre-trial detainee in the Allen County Jail in Fort Wayne, Indiana, he was held in segregation from May 7, 2007 to May 22, 2007, and was unable to use the phone or have visitation. Hecke argues that he was improperly put in isolation because he received no advance notice, no opportunity to be heard or present evidence in his defense, and no written statement detailing the reasons for the segregation. (Compl., p. 8.)

DISCUSSION

Pursuant to 28 U.S.C. section 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Hecke's complaint is captioned "Prisoner Complaint 42 U.S.C. § 1983." Section 1983 provides a cause of action against persons acting under color of state law. However, in this case, Hecke's complaint is against a Deputy United States Marshal. Therefore it is a reasonable inference that he is alleging that James B. Cooper was acting under color of federal law. Such claims arise pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Court is cognizant of the principle that:

> A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 550 U.S. \_\_\_, \_\_\_; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). Although pro se

2

complaints are given additional leeway, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted)).

Hecke is correct that "[a] pretrial detainee cannot be placed in segregation as a *punishment* for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) (citations omitted) (emphasis added). However, "no process is required if he is placed in segregation not as punishment but for managerial reasons . . . [and a]s long as the purpose was indeed a preventive rather than a punitive one, he would not be entitled to notice and a hearing." *Id.*

Based upon the complaint in this case, it is clear that Hecke was placed in segregation for preventative or managerial reasons, rather than punishment. First, Hecke himself does not allege that his isolation was punishment for his behavior or actions. Indeed, Hecke states that he did not violate a jail rule: "I have not violated the Jail's regulations." (Compl., p. 3; *see also* DE #4 for a clearer copy.) Second, in response to an inmate request form submitted by Hecke, a jail official responded that "you are not being held in segregation for discipline reasons." (*Id.*) Third, Heck's own attorney wrote him a letter explaining why he was in

3

segregation:

> I checked with the Jail Commander's Office regarding the reason you have been put in the isolation unit a/k/a "the hole". The Commander's Office put you there because the Marshals requested that you be placed on a level where you have no access to the phone. They also requested that you have no visitors. It is my experience that typically this happens because phone calls are monitored from the jail and the Government expects a security breach of some kind. The Marshals would not tell me specifically why they requested it in your case. In fact, the Marshals made no comment on your move. I hope this answers your question.

(Compl., p. 5.)

The Court therefore concludes that Hecke was not being punished when he was isolated and denied phone and visitation rights. Rather, Hecke was placed in segregation for managerial reasons, possibly for a potential security breach. Although Hecke complains about these limitations, "[t]he very object of imprisonment is confinement . . . [a]nd, as our cases have established, freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citations omitted). Pre-trial detainees do not have a constitutional right to either visitation, *Block v. Rutherford*, 468 U.S. 576, 586-587 (1984), or telephones, *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1145 n.2 (7th Cir. 1983). Thus it was not a violation of Hecke's Constitutional rights when he was placed in segregation without a due process hearing. Therefore, this case does not state a claim and will be dismissed.

4

CONCLUSION

    For the reasons set forth above, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

**DATED: October 8, 2008**                        /s/ RUDY LOZANO, Judge
                                                           **United States District Court**